IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW RAPOPORT, | : | Civil No. 1:23-CV-01109 |
| Plaintiff, | : | |
| v. | : | |
| NAPA TRANSPORTATION, INC., | : | |
| Defendant. | : | Judge Sylvia H. Rambo |

**M E M O R A N D U M**

Plaintiff initiated this civil action pursuant to Pennsylvania state law by filing a complaint in the Court of Common Pleas of Cumberland County. (Doc. 1-2.) Defendant then removed this case to the Middle District of Pennsylvania, pursuant to 28 U.S.C. § 1441, attempting to invoke this court's federal question jurisdiction. (Doc. 1.) Upon review of the amended complaint, however, the court finds that federal question jurisdiction does not exist here and, thus, will remand this case to the Court of Common Pleas of Cumberland County.

**I.   BACKGROUND**

This case arises from Plaintiff Matthew Rapoport's ("Rapoport") denial of employment as a customer service representative by Defendant NAPA Transportation Inc. ("NAPA") due to Rapoport's inability to pass a drug test because of his status as a legal medical marijuana user. (*See generally* Doc. 1-2.) Rapoport's

1

complaint, filed in state court on June 12, 2023, asserted a single count against NAPA pursuant to Pennsylvania's Medical Marijuana Act ("MMA"), 35 Pa. C.S. § 10231.2103,[1] for failing "to hire [him] without a clean drug test for . . . medical marijuana" and for "maintaining an employment policy that does not account for the lawful use of medical marijuana as a prescribed treatment for [his] disability." (Doc. 1-2 ¶¶ 15-16.) On July 5, 2023, NAPA removed the case to this court on the basis that the complaint "presents substantial federal questions as well as claims that are completely preempted by federal law."[2] (Doc. 1 ¶ 18.) NAPA thereafter moved to dismiss the complaint on July 12, 2023. (Doc. 5.) Rapoport filed an amended complaint on July 27, 2023, again asserting a claim under the MMA, and adding a second state law claim under the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*, for "discriminating against [him] on the basis of his disability and/or perceived disability." (Doc. 12.)

---

[1] The specific provision makes it unlawful to discriminate against an employee on the basis that they are certified to use medical marijuana: "No employer may discharge, threaten, refuse to hire or otherwise discriminate or retaliate against an employee regarding an employee's compensation, terms, conditions, location or privileges solely on the basis of such employee's status as an individual who is certified to use medical marijuana." 35 P.S. § 10231.2103(b)(1).

[2] An action may be removed to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). A "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

## II. DISCUSSION

In removing this action from state court, NAPA suggests that the court has subject matter jurisdiction based on complete preemption of state law and the presence of a substantial federal issue. The court disagrees.

### A. Complete Preemption

NAPA avers that because it is regulated by the Federal Motor Carrier Safety Administration ("FMCSA"), which requires pre-employment drug testing for certain classes of employees, it follows that Rapoport's state law claims are completely preempted by regulations promulgated by the FMCSA. (Doc. 1 ¶¶ 4-5, 20). In other words, Rapoport's state law claims are really federal claims, and thus are removable to federal court.

A defendant may remove a civil action to federal court only if the plaintiff could have originally filed the action in federal court. 28 U.S.C. § 1441. If the parties are not diverse, the complaint must satisfy federal question jurisdiction by bringing a cause of action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393, 406 (3d Cir. 2021). Under the "well-pleaded complaint rule," federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152

(1908) (explaining that a federal question exists only when the plaintiff's statement of his own cause of action shows that it is based upon the Constitution or laws of the United States). Courts apply the well-pleaded complaint rule "because plaintiffs are the 'masters of their claims[,]'" and if "plaintiffs say their claims are state-law claims, [the court] almost always credit[s] that . . . . After all, [plaintiffs] choose to sue, so they choose why." *City of Hoboken v. Chevron Corp.*, 45 F.4th 699, 707 (3d Cir. 2022) (quoting *Caterpillar*, 482 U.S. at 392) (internal citation omitted); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) ("[F]ederal-question jurisdiction is invoked by and large by plaintiffs pleading a cause of action created by federal law[.]"). A complaint without a federal question presented on its face is beyond the power of a federal court to adjudicate, and a defendant may not circumvent this requirement by asserting a federal defense to the complaint. *Caterpillar*, 482 U.S. at 392; *see also Maglioli*, 16 F.4th at 406 ("A federal defense ordinarily does not appear on the face of the well-pleaded complaint, and, therefore, usually is insufficient to warrant removal to federal court.")

Ordinarily, the defense of federal preemption does not provide a basis for removal because, as a defense, it necessarily does not appear on the face of the well-pleaded complaint. *Maglioli*, 16 F.4th at 407. However, a "corollary of the well-pleaded complaint rule" is complete preemption, which unlike ordinary preemption,

operates as a jurisdictional doctrine.[3] *Id.* at 406 n.8. As the Third Circuit has explained:

> The complete-preemption doctrine provides that a federal question *does* appear on the face of the complaint when Congress so completely preempts a particular area that any civil complaint raising the select group of claims is necessarily federal in character. In other words, a federal statute's preemptive force can be so great that [the court] treat[s] a displaced state-law claim as if it were a federal claim. So, although a garden-variety preemption defense would not satisfy the well-pleaded-complaint rule, a completely preempted state-law claim does.
>
> Removal is proper only if the federal statute wholly displaces the state-law cause of action through complete preemption. A statute is completely preemptive if it provides the exclusive cause of action for the claim asserted and also sets forth procedures and remedies governing that cause of action.

*Id.* (quotations and citations omitted).

As applied to this case, the question is whether the FMCSA creates an exclusive federal cause of action and, if so, whether either of Rapoport's claims fall within that scope of action. If so, Rapoport's claims are completely preempted and removable to federal court.

In answering this question, the court is mindful that complete preemption is "rare" and only applicable where "the significant preemptive force of the statute[ ] indicate[s] congressional intent to create an exclusive federal cause of action." *Id.* at

---

[3] The court's task at this junction is to determine whether it has removal jurisdiction over this action, and therefore the court will not engage in an ordinary preemption analysis. *See Maglioli*, 16 F.4th at 406 n.8.

409. Here, the FMCSA does not provide, and NAPA does not point to, any cause of action, let alone an exclusive cause of action. Further, even assuming the statute did create an exclusive cause of action, Rapoport's claims would not fall within it.

The FMCSA was established within the Department of Transportation to prevent commercial motor vehicle-related fatalities and injuries. *See* https://www.fmcsa.dot.gov/mission/about-us. One of its purposes is to ensure safety in motor carrier operations by enforcing safety regulations and targeting high-risk commercial motor vehicle drivers through means such as controlled substance testing. *Id.* According to the statute, its regulations on controlled substance testing are applicable to "service agents[4] and to every person and to all employers of such persons who operate a commercial motor vehicle in commerce in any State and are subject to: (1) [t]he commercial driver's license requirements of part 383 of this subchapter; . . . ." 49 C.F.R. § 382.103(a).

Rapoport, however, applied for a job as a customer service representative. Interpreting §382.103(a) to broadly apply the drug testing requirements equally to all employees, rather than only to service agents or those operating commercial

---

[4] "Service agent. Any person or entity, other than an employee of the employer, who provides services to employers and/or employees in connection with DOT drug and alcohol testing requirements. This includes, but is not limited to, collectors, BATs and STTs, laboratories, MROs, substance abuse professionals, and C/TPAs. To act as service agents, persons and organizations must meet DOT qualifications, if applicable. Service agents are not employers for purposes of this part." 49 C.F.R. § 40.3.

6

motor vehicles, is not supported by the plain text of the regulation, its history, or Title 49 more broadly.[5] Further, the amended complaint clearly avers that "[t]he Customer Service Representative position is not a 'safety-sensitive' position" and does not require a commercial driver's license. (Doc. 12 ¶¶ 11-12.) While NAPA may have a company-wide policy of drug testing all employees, regardless of whether they perform a safety-sensitive function, Rapaport's job, ostensibly a customer facing role, does not fall within the statute's drug testing regulations. It therefore follows that even if the FMCSA created an exclusive cause of action, Rapoport's claims would not fall within it. Accordingly, complete preemption does not provide the court with jurisdiction over this action.

### B. Substantial Federal Issue

NAPA also asserts that Rapoport's state law clams raise a substantial federal issue that permits removal under 28 U.S.C. § 1441(a). As with complete preemption,

---

[5] Part 40 of Title 49 is titled "Procedures for Transportation Workplace Drug and Alcohol Testing Programs." 49 C.F.R. Subt. A, Pt. 40. Section 40.1 is titled "Who does this regulation cover?" 49 C.F.R. § 40.1. It reads: "This part concerns the activities of transportation employers, *safety-sensitive transportation employees* (including self-employed individuals, contractors and volunteers as covered by DOT agency regulations), and service agents." *Id.* (b)(*emphasis added*). The regulatory history of § 382 further indicates that the regulation is focused on limiting the adverse impact of drug and alcohol use on those with "safety-sensitive" functions. Indeed, the FMCSA's rule, when first promulgated, highlighted how "we are publishing amended drug and alcohol testing regulations to conform to part 40" and widely emphasizes the need to regulate those with "safety sensitive" functions. 66 FR 43097-01 (2001).

this basis for jurisdiction is premised on the principle that federal courts should decide significant federal issues. *Maglioli*, 16 F.4th at 413.

As the Supreme Court has explained:

[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met . . . jurisdiction is proper because there is a serious federal interest in claiming the advantages thought to be inherent in a federal forum, which can be vindicated without disrupting Congress's intended division of labor between state and federal courts.

*Gunn*, 568 U.S. at 258 (internal quotations omitted) (citing *Grable*, 545 U.S. at 313-14). The "'special and small category' of cases" in which federal question jurisdiction will predominate over state-law claims that implicate significant federal issues is "slim." *Gunn*, 568 U.S. at 258 (quoting *Empire Healthchoice Assurance v. McVeigh*, 547 U.S. 677, 699 (2006)).

Contrary to NAPA's assertion that this case presents substantial federal questions the amended complaint does not assert any federal cause of action on its face and does not appear to implicate a federal issue. Instead, NAPA is at best entitled to a preemption defense under the FMCSA, which it can properly assert in state court. The court therefore lacks federal question jurisdiction.

8

### III. CONCLUSION

For the reasons outlined above, the court lacks subject matter jurisdiction over Rapoport's state law claims and will therefore remand this case to the Court of Common Pleas of Cumberland County pursuant to 28 U.S.C. § 1447(c).[6]

<u>/s/ Sylvia H. Rambo</u><br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: March 21, 2024

---

[6] Consistent with the "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it," *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010), a court must remand a case *sua sponte* for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").